96512-7

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-cv-XXXXXX

CRISTINA DAWSON GARCIA,

   Plaintiff,

vs.

ROSS DRESS FOR LESS, INC.,

   Defendant.
_____/

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, ROSS DRESS FOR LESS, INC.[1] ("Ross") and Plaintiff, Cristina Dawson Garcia, by and through its undersigned attorneys, and pursuant the Federal Rules of Civil Procedure, Local Rules for the Southern District of Florida, and 28 U.S.C. sections 1332 and 1446, hereby files this Notice of Removal, and in support thereof states the following:

*Background & Procedural History*

1. This is an action for personal injury as a result of an alleged incident at one of Ross' stores. (*See generally* Compl., attached hereto as Exhibit A).

2. Plaintiff initially claimed Ross was served on September 30, 2020, and moved for entry of Clerk's default on November 5, 2020, which was entered on November 6, 2020. However, the September 30, 2020 service was deemed insufficient and quashed by Order dated November 13, 2020, as Plaintiff served a local store manager and a store manager cannot accept service on behalf of a foreign corporation. (*See* Order dated Nov. 13, 2020, attached hereto as Exhibit B).

---

[1] Defendant's proper name is Ross Dress for Less, Inc.

CASE NO. CACE20-014615 DIV: 04

3.     Shortly thereafter, service was deemed effectuated upon Ross on November 23, 2020.  (*See* Order dated Nov. 23, 2020, attached hereto as Exhibit C).

4.     Consequently, Ross's Notice of Removal has been timely filed within thirty (30) days after service upon Ross of the initial pleading setting forth the claims for relief upon which removal is based.  *See* 28 U.S.C. § 1446(b); *Bailey v. Janssen Pharm., Inc.*, 536 F.3d 1202, 1205 (11th Cir. 2008) ("The Supreme Court held in *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48, 119 S.Ct. 1322, 1325, 143 L.Ed.2d 448 (1999), that the time-window in § 1446(b) 'is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, ***but not by mere receipt of the complaint unattended by any formal service***.'" (emphasis added)).

### *The Parties are Completely Diverse*

5.     Plaintiff alleges she is a resident of Miramar, Florida, who was injured while shopping in Miramar, Florida.  (*See* Compl. ¶¶ 2, 5–6).

6.     Ross, is incorporated in the state of Virginia with its principal place of business is located at 5130 Hacienda Drive, Dublin, CA 94568.  (*See* Fla. Division of Corporations Detail by Entity Name at 1, attached hereto as Exhibit D).  Consequently, Ross is a citizen of Virginia and California.

7.     Therefore, complete diversity of citizenship exists between Plaintiff and Ross.

### *The Amount-In-Controversy Requirement is Satisfied*

8.     As to the satisfaction of the amount-in-controversy requirement, Plaintiff has merely alleged damages in excess of the $30,000.00 requirement to satisfy the jurisdictional bar to Florida's Circuit courts.  (*See* Compl. ¶ 1).

CASE NO. CACE20-014615 DIV: 04

9. However, information contained in Plaintiff's letter[2] dated November 17, 2016 demonstrates Plaintiff is presently seeking $250,000.00 to settle the claim. (*See generally* Letter dated April 14, 2020, attached hereto as Exhibit E).

9. Moreover, Plaintiff's letter includes medical bills totaling $80,646.00 (which does not include additional, still outstanding hospital bills), and further claims additional expenses for rehabilitative therapy totaling $9,500.00. (*See id.*)

10. Based on the representations made by Plaintiff concerning the total figures at issue, including the total medical expenses to date, the amount-in-controversy is requirement is clearly established. *Cf. Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010) ("[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.").

11. Consequently, this Court has original jurisdiction over the aforementioned matter pursuant to 28 U.S.C. section 1332, as this action involves: (1) citizens of different states, and (2) an amount in controversy in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

---

[2] A district court may consider a pre-suit demand letter in making its determination regarding satisfaction of the amount-in-controversy requirement. *See AAA Abachman Enters., Inc. v. Stanley Steemer Int'l, Inc.*, 268 F. App'x 864, 866 (11th Cir. 2008) (affirming district court's consideration of pre-suit demand letter on removal in concluding the amount-in-controversy requirement was satisfied); *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213–14 (11th Cir. 2007) (district court may consider the notice of removal and accompanying documents when deciding upon a motion to remand); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001) (district court may consider evidence outside of the removal petition if the facts existed at the time of the removal); *Katz v. J.C. Penney Corp.*, No. 09-cv-60067, 2009 WL 1532129, at *4 (S.D. Fla. June 1, 2009) ("Therefore, pre-suit settlement offers and demands may be considered in evaluating whether a case has been properly removed.").

CASE NO. CACE20-014615 DIV: 04

*The Procedural Requirements for Removal Has Been Completed by Ross*

12. Simultaneous to the filing of this Notice of Removal, Ross has given written notice of the filing of this Notice to Plaintiff, as required by 28 U.S.C. section 1446(d).

13. A copy of this Notice has likewise been filed with the Clerk of the Circuit Court in and for Broward County, Florida (attached hereto as Exhibit F), in compliance with the requirements of 28 U.S.C. section 1446(d).

14. True and correct copies of all documents that were filed in the state action are attached hereto as Composite Exhibit G.

15. Pursuant to 28 U.S.C. section 1441(a), venue is proper in the Southern District of Florida as the state action was filed and pending within the jurisdictional boundaries of this District.

Dated: December 21, 2020

Respectfully submitted,

*/s/ Jason A. Glusman*
Jason A. Glusman, Esquire
Florida Bar No. 0419400
Daniel F. Ieraci, Esquire
Florida Bar No. 124388
Dieraci@wickersmith.com
WICKER SMITH O'HARA McCOY & FORD, P.A.
515 E. Las Olas Boulevard
SunTrust Center, Suite 1400
Ft. Lauderdale, FL 33301
Telephone:   (954) 847-4800
Facsimile:   (954) 760-9353
*Attorneys for Defendant*

- 4 -

- 5 -

CASE NO. CACE20-014615 DIV: 04

## CERTIFICATE OF SERVICE

      WE HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on December 21, 2020, and the foregoing document is being served this day on all counsel or parties of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

      */s/ Daniel F. Ieraci*
      Daniel F. Ieraci, Esquire
      Florida Bar No. 124388
      WICKER SMITH O'HARA MCCOY & FORD, P.A.
      Attorneys for Ross Dress for Less, Inc.